John J. Walsh, J.
The March 1960 Grand Jury of Oneida County returned an indictment, setting forth therein two counts of perjury in the first degree (Penal Law, § 1620) against the defendant who was arraigned thereon on April 4, 1960 and pleaded not guilty. She is presently released on bail.
Since March, 1960 there have been four terms of the County Court — April, 1960 which term continued until June 2; June, *566 1960 which continued to the end of the month; September, 1960 which continued to the end of the month of October; and November, 1960 which continued until December 30.
Defendant claims that through no fault of her own, she has not been brought to trial and asks a dismissal of the indictment on the authority of People v. Prosser (309 N. Y. 353).
The People oppose the motion on the ground that the delay has not been unreasonable; that it has been occasioned in part at least by numerous motions made by the defendant; that the congested criminal calendar of the court has required the preference in trial of defendants who are incarcerated.
Section 668 of the Code of Criminal Procedure provides:
“ If a defendant, indicted for a crime whose trial has not been postponed upon his application, be not brought to trial at the next term of the court in which the indictment is triable, after it is found the court may, on application of the defendant, order the indictment to be dismissed, unless good cause to the contrary be shown ”.
The People argue that on April 5, 1960, it served a notice of trial upon defendant’s attorney for April 23; that on April 18, defendant served an order to show cause bringing on motions for a bill of particulars, to dismiss the indictment, for an inspection of the Grand\Jury minutes and setting forth an alleged demurrer. The motion was returnable on April 19, 1960 at which time the court granted the request of the District Attorney for permission to submit an answering affidavit which was filed April 25, 1960. The District Attorney agreed to serve the bill of particulars and the motions of the defendant in all other respects were denied.
During the month of May the District Attorney was actively engaged in the trial of a robbery indictment which occupied two weeks and finally concluded on the last day of the April Term of County Court on June 2.
On May 27,1960, a notice of trial for June 12,1960 was served on defendant’s attorney. The District Attorney’s office was continuously engaged in trial work until the term expired. No civil cases were tried that term.
On September 12,1960 at the opening of the September Term, defendant obtained an order to show cause returnable on September 20 for an order dismissing the indictment for failure to prosecute. On the return date, the application was dismissed because of the failure of defendant to appear.
On November 14, 1960 at the November Trial Term, defendant obtained a second order to show cause on the same ground *567 returnable on November 22, 1960. On the return date of this application, the application was again dismissed upon the call of the calendar for nonappearance.
On November 30, 1960 defendant obtained another order to show cause which is the present application.
Defendant misconstrues the meaning of People v. Prosser (309 N. Y. 353, supra). The rationale of the Prosser case is concisely stated by Judge Ftjld in his opinion at page 361, where he states: “ In short, then, since there was an untoward delay of six years, without a waiver by defendant of his section 8 right to a speedy trial, and since the prosecution failed to show the slightest ‘ good cause ’ for that delay, the trial judge should have granted defendant’s motion and dismissed the indictment.”
Thus, this motion to dismiss the indictment for failure to prosecute under section 668 of the code is addressed to the sound discretion of the court and requires a factual inquiry of the circumstances in each particular case.
Section 668 setting a statutory limitation of one term of court with respect to bringing a defendant to trial was designed as a safeguard not against court delay due to calendar congestion, but rather against delay in prosecution traceable to laches on the part of the prosecutor. (People v. Winters, 18 Misc 2d 205 [1958].) The case most closely analogous to the one at bar is People v. Alfonso. In 1958, the Appellate Division affirmed an order of the Westchester County Court dismissing a series of indictments charging book-making and conspiracy for failure to prosecute under section 668 (6 A D 2d 892). The Court of Appeals (6 N Y 2d 225) reversed the order of the Appellate Division and remitted the matter to the court to determine whether these indictments should be dismissed under section 668 of the code in the exercise of a sound judicial discretion.
Upon remission, the Appellate Division found that a dismissal would be an abuse of discretion because the factual situation disclosed that the more than a year’s delay in trial was caused “in a great measure, by motions for various types of relief ” made by defendants; by the fact that the “ District Attorney was moving cases for trial as expeditiously as possible”; that defendants had been released on bail, “ and the District Attorney desired, if possible, to dispose of pending indictments against defendants who were confined in jail awaiting trial.” (9 A D 2d 952.)
In view of the decision in People v. Alfonso, it would be an abuse of discretion to grant the motion in the instant case.
Motion to dismiss denied.